## APPEAL OF CANYON LUMBER COMPANY.

Docket No. 4917.     Decided September 22, 1926.

The C Co. owned 50 per cent of the stock of the D Co. The J Co. owned the other 50 per cent, and because of its financial obligations to the C Co. it placed its stock in escrow and agreed not to vote. The C Co. and D Co. were closely related in business. *Held,* under all the circumstances, that C Co. and D Co. were affiliated under the Revenue Act of 1918.

*W. W. Spalding, Esq.,* for the petitioner.
*Percy S. Crewe, Esq.,* for the Commissioner.

Proceeding to set aside a deficiency of $28,406.74 for 1919 because the Commissioner erroneously refused to recognize the affiliation of the petitioner with another corporation.

### FINDINGS OF FACT.

The Canyon Lumber Co. (hereinafter referred to as the Canyon Company), being in need of working capital, arranged with C. H. Johnson, representing the W. W. Johnson Lumber Co. (hereinafter referred to as the Johnson Company), for the purchase by the Johnson Company of one-half of the stock of a corporation to be organized to take over the properties then owned by the Canyon Company at Robe, Wash. This corporation was organized in 1908 under the corporate name of the Johnson-Dean Lumber Co. (hereinafter referred to as the Dean Company). As an inducement to the Johnson Company to invest in the enterprise, the Canyon Company entered into the following agreement with the Johnson Company:

That this company would protect and save the W. W. Johnson Lumber Company from loss on its investment in the stock of the Johnson-Dean Lumber Company and that this guarantee was to be performed by the purchase of such stock by this company from the W. W. Johnson Lumber Company at a price equal to cost plus certain agreed amounts.

This agreement was a material inducement to the Johnson Company, and had such obligation not been assumed by the Canyon Company, the investment by the Johnson Company in the stock of the Dean Company would not have been made.

The same persons were president and secretary of the Canyon Company and the Dean Company and their offices were at the same place.

The operations of the Dean Company were not profitable, and this fact caused the Canyon Company to be called upon from time to time to make advances to the Dean Company or on its account, which was done. The Canyon Company also made advances on loans to C. H. Johnson, the principal stockholder of the Johnson Company. Such advances to the Dean Company and to C. H. Johnson remained unpaid throughout 1919.

In 1912 the Dean Company issued and sold its bonds in the amount of $300,000, secured by a mortgage or deed of trust covering its timber holdings, equipment, and mill property. These bonds were secured by the joint and several guarantee of the Canyon Company and the Johnson Company, which guarantee was as follows:

For value received the undersigned, W. W. Johnson Lumber Company, of Minneapolis, Minn., and Canyon Lumber Company of Everett, Wash., do hereby jointly and severally guarantee due payment of the principal and interest of the within bond, and do hereby jointly and severally further agree that the undersigned shall in no respect and to no extent be released from the obligation of this guaranty by any act or proceedings taken under or in pursuance of any of the terms or provisions of the collateral mortgage or

deed of trust referred to in the within bond, or by any extension of the time of payment of any bond or bonds secured by said mortgage or deed of trust.

During the year 1919 and until May 1920, the capital stock of the Dean Company, having a par value of $800,000, was owned one-half by the Canyon Company and one-half by the Johnson Company, subject to the escrow agreement hereinafter mentioned. The only property owned by the Johnson Company was its interest in the stock of the Dean Company.

In 1916 the Dean Company defaulted in the payment of the principal of and interest on its bonded indebtedness above mentioned; and it became necessary for the Canyon Company to advance to the Dean Company a sufficient amount to discharge these obligations. When this default occurred the Johnson Company was under duty to pay one-half of the bonded obligation then maturing, but could not do so and did not do so, for want of funds. Consequently, the Canyon Company was called upon to advance, and did advance, the entire amount needed for this purpose. In December, 1916, it was apparent that other similar defaults would be made by the Dean Company as the principal of and interest on its bonds matured. Therefore the Canyon Company sought and obtained in 1917 an additional agreement with C. H. Johnson which read in part as follows:

> That the W. W. Johnson Lumber Company would deposit its stock in the Johnson-Dean Lumber Company with a Seattle bank as collateral security that the former company would reimburse this [Canyon] Company for one-half of its advances on account of the Johnson-Dean Company and that this [Canyon] Company should have the exclusive right at any time to purchase and take over such stock at a price equal to that specified in the original agreement of 1908, above referred to.

This agreement was made in the summer of 1917 and not later than August of that year. Pursuant thereto the stock in the Dean Company owned by the Johnson Company, being 50 per centum of its outstanding stock, was delivered by the Johnson Company to the Dexter Horton National Bank of Seattle on September 3, 1918, where such stock remained until it was formally taken over in May, 1920, by the Canyon Company under the above-mentioned agreement between that company and the Johnson Company.

Although the escrow agreement was made not later than August, 1917, formal delivery of the certificates was not made to the bank at an earlier date on account of the inattention of the officers of the two interested companies and the friendship, confidence and trust that existed between them.

Johnson would not transfer the stock directly to the Canyon Company, but when he placed it in escrow he did so with the understanding that it would not be voted during such time.

While this stock was thus on deposit in escrow with the Seattle bank, and prior to the time it was formally purchased by the Canyon Company in May, 1920, it was not voted by the Johnson Company or by any one on its behalf.

In the summer of 1917, as on other occasions, C. H. Johnson, acting for the Johnson Company, urged the Canyon Company to purchase the Johnson Company's stockholdings in the Dean Company under the 1908 agreement; and as a result thereof the Canyon Company did purchase such stock in May, 1920, at the 1908 agreed purchase price.

The certificates representing the stock in the Dean Company owned by the Johnson Company were unassigned when delivered to the Seattle bank. The purposes for which the delivery was made were set forth in the letter of the Johnson Company to the bank of September, 1918, as follows:

> We are inclosing herewith certificates No. 11, 12, 13, and 14, being 3,977 shares of the Johnson-Dean Company. These shares, according to my talk with you last spring, are to be held in escrow as a guarantee to the Canyon Lumber Company for their payment of the half interest of the W. W. Johnson Lumber Company on the bonds of the Detroit Trust Company.

### OPINION.

STERNHAGEN: In *Canyon Lumber Co.*, 1 B. T. A. 473, the Board determined that the evidence was not sufficient to establish affiliation in 1917 between this petitioner and the Dean Company. The petitioner now seeks to prove affiliation in 1919 and supplements the proof in the former proceeding so as to supply, as it contends, the earlier omissions.

The parties have agreed upon most of the facts and the petitioner has in addition to the stipulation introduced further evidence by deposition. The Commissioner, although joining in the stipulation, has reserved the objection of incompetency to all the evidence on the ground that the facts are *res adjudicata*. The objection was properly overruled, not only for the reason set forth in *Union Metal Mfg. Co.*, 4 B. T. A. 287, but also because the petitioner is clearly entitled to prove the facts existing in 1919 which tend to establish affiliation in that year, irrespective of whether they be the same or different facts from those relied upon in the earlier proceeding to establish affiliation in 1917. Affiliation is a statutory status which is determinable separately for each year, and the failure of a taxpayer to establish for one year the facts prescribed by the statute can not operate to prevent a full presentation of the facts for a subsequent year.

In 1919 the stock of the Dean Company was owned one-half by the Canyon Company and one-half by the Johnson Company. By

its own agreement, made necessary by reason of its obligations to the Canyon Company for the financing of the Dean Company and the loans to Johnson, the Johnson Company relinquished the possession and control of the Dean stock which it owned. It retained only the bare legal title, and this was subject to the demand of the Canyon Company to purchase. The demand was made and the purchase fulfilled in the following year. During 1919 the Canyon Company and the Dean Company were operated and managed together, and as the Johnson Company had agreed not to vote its Dean stock while in escrow, the Canyon Company controlled all of the voting stock. The Commissioner points to the fact that the Johnson Company might have voted its stock if it were so minded. But this would have been in direct violation of its agreement with the Canyon Company which was so clearly understood by the parties that such vote was not attempted. In the light of the evidence of the agreement by the Johnson Company to refrain from voting, which agreement was made in the interests of the Canyon Company, we are of the opinion that the Canyon Company owned or controlled all of the stock of the Dean Company and that the two corporations were therefore affiliated within the statute.

*Judgment will be entered on 15 days' notice, under Rule 50.*